IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GREGORY E. THRASHER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HALL COUNTY; HALL : | |
| COUNTY SHERIFF : | |
| DEPARTMENT; STEVE : | CIVIL ACTION NO. |
| CRONIC, as Sheriff of Hall : | 2:14-CV-00148-RWS |
| County; GERALD COUCH, as | |
| Sheriff of Hall County; HALL : | |
| COUNTY PROBATION : | |
| DEPARTMENT; and CHARLES : | |
| BAKER, in his Official Capacity : | |
| as Hall County Clerk of Court, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [6]. After reviewing the record, the Court enters the following Order.

**Background[1]**

Plaintiff Gregory E. Thrasher brings this action under 42 U.S.C. § 1983

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

AO 72A
(Rev.8/82)

challenging his arrest pursuant to a Hall County warrant.  On July 8, 2011, Plaintiff entered a plea of guilty to DUI and speeding in the State Court of Hall County.  (Compl., Dkt. [1] ¶ 13.)  The state court sentenced Plaintiff to twenty-four months' probation and levied a fine and fees.  (Id. ¶ 14.)  The court further required Plaintiff to abstain from possessing or consuming alcohol or illegal drugs, to complete alcohol and drug evaluation and treatment, and to submit to random drug and alcohol screenings.  (Id.)

On or about August 30, 2011, Plaintiff violated the terms of his probation when he consumed alcohol resulting in a positive drug screen, and on September 23, 2011, an affidavit and warrant issued for Plaintiff.  (Id. ¶¶ 15-16.)  Plaintiff appeared before the state court at a hearing on October 28, 2011 on a Petition for Modification/Revocation of Probation.  (Id. ¶¶ 17-19.)  The court ordered a revocation of thirty days of Plaintiff's probation, suspended upon Plaintiff complying with the terms of his probation and attending a minimum of two AA meetings per week.  (Id. ¶ 20.)  The court also ordered dismissal of the warrant.  (Id.)

On July 6, 2012, Plaintiff was pulled over for a traffic violation.  (Id. ¶ 9.)  The officer ran a check on Plaintiff's name, which showed an outstanding

2

warrant for violation of probation. (Id. ¶ 10.) On the basis of that warrant, Plaintiff was arrested, taken into custody by the Hall County Sheriff's Office, and incarcerated over the weekend. (Id. ¶¶ 11-12.)

Plaintiff filed suit on July 7, 2014 naming Hall County; Hall County Sheriff Department; Hall County Probation Department; Steve Cronic as Sheriff of Hall County ("Sheriff Cronic"), Gerald Couch as Sheriff of Hall County ("Sheriff Couch"), and Charles Baker in his Official Capacity as Hall County Clerk of Court ("Clerk of Court Baker") (collectively, the "individual Defendants") as defendants. (Compl., Dkt. [1].) Plaintiff raises federal Constitutional claims for violation of his Fourth and Fourteenth Amendment rights (id. ¶¶ 27-33), as well as state law claims for intentional infliction of emotional distress (id. ¶¶ 34-36), "imputable negligence: respondeat superior" (id. ¶¶ 37-41), wrongful/false arrest (id. ¶¶ 42-44), false imprisonment (id. ¶¶ 45-47), and negligence (id. ¶¶ 48-50). Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and O.C.G.A. § 51-12-5.1. Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

(Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.' Mot. to Dismiss"), Dkt. [6].)  The Court now addresses this motion.

## Discussion

**I.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273

4

n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing <u>Iqbal</u>, 556 U.S. at 678).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation."  <u>Twombly</u>, 550 U.S. at 555.

## II.   Analysis

Defendants move to dismiss Plaintiff's Complaint on three grounds.  First, Defendants argue that the Hall County Sheriff's Office and Hall County Probation Office are not legal entities capable of being sued.[2]  Second, Defendants argue that Plaintiff does not allege sufficient facts to hold the County and the individual Defendants in their official capacities liable for claims under § 1983.  Third, Defendants argue that Plaintiff's state law claims are barred by the doctrine of sovereign immunity.  Plaintiff opposes

---

[2] Plaintiff's Complaint misidentifies the entities as "Hall County Sheriff Department" and "Hall County Probation Department."  (Compl., Dkt. [1]; see also Defs.' Mot. to Dismiss, Dkt. [6] at 1.)  The Court treats Plaintiff's Complaint as though he had named the parties correctly as the "Hall County Sheriff's Office" and the "Hall County Probation Services Office."

5

Defendant's motion, arguing that the Complaint includes sufficient factual allegations to support claims under § 1983.[3] Using the legal framework set forth above, the Court proceeds to consider Defendants' arguments.

### A.  Claims against Defendants Hall County Sheriff Department and Hall County Probation Department

As an initial matter, the Court concludes that the Hall County Sheriff's Office and the Hall County Probation Department are not entities capable of being sued. In a federal court, the capacity of an entity to be sued is determined by the law of the state where the court is located. See FED. R. CIV. P. 17(b)(3). The State of Georgia recognizes only three classes as legal entities capable of suing or being sued: (1) natural persons; (2) corporations; and (3) quasi-artificial persons that the law recognizes as being capable of bringing suit. Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988). The Eleventh Circuit has indicated that "[s]heriff's departments and police

---

[3] Plaintiff filed his reply on August 19, 2014. (Dkt. [9].) Defendants urge the Court not to consider Plaintiff's reply, arguing that the pleading was untimely. See Local Rule 7.1, N.D.Ga.; FED. R. CIV. P. 6. Further, Defendants argue that Plaintiff's claims against the Sheriff's Office and Probation Office should be deemed abandoned becausePlaintiff did not respond to Defendant's arguments about those entities. However, the Court in its discretion will consider Plaintiff's response and will not deem Defendants' motion unopposed or Plaintiff's claims abandoned.

6

departments are not usually considered legal entities subject to suit" under Georgia law and therefore may not be properly sued as a party in federal court. Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)); see also Lovelace v. DeKalb Cent. Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (affirming district court's dismissal of DeKalb County Police Department as a defendant because under Georgia law it is not a legal entity subject to suit); Jackson v. Hall Cnty. Sheriff's Office, No. 2:10-cv-00070-WCO (N.D. Ga. Mar. 3, 2011) (order dismissing all claims against the Hall County Sheriff's Office on grounds that it is not an entity having capacity to be sued).

The rationale behind these decisions is that although a county is designated under Georgia law as "a body corporate" that is properly subject to suit, there is no provision in the Georgia Constitution or the Georgia code that designates a sheriff's office as a legal entity. Id. at 4 (citing Lowndes Cnty. v. Dasher, 191 S.E.2d 82, 84 (Ga. 1972)). The sheriff is a constitutionally created office elected by the voters. GA. CONST. art. 9, § 1, ¶ III(a). Thus, a sheriff's office is neither a corporation nor an entity recognized by law as having capacity to sue or be sued. Nor is a probation office: "[s]ubdivisions of local

7

governments . . . generally are not legal entities subject to suit." Deloach v. Marietta Police Dep't, No. 1:09-CV-0650-RWS, 2009 WL 2486324, at *2 (N.D. Ga. Aug. 12, 2009) (citing Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir.1992)).  Therefore, pursuant to Rule 17, the Hall County Sheriff's Office and the Hall County Probation Office do not have the capacity to be sued in federal court.  For this reason, all claims against the Hall County Sheriff's Office and the Hall County Probation Office must be **DISMISSED**.

      B.     Section 1983 claims against Defendant Hall County and the individual Defendants in their official capacities

In his Complaint, Plaintiff raises claims against the County and against Sheriff Cronic, Sheriff Couch, and Clerk of Court Baker in their official capacity pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights.  Plaintiff claims that his constitutional injuries resulted from the Defendants' failure to dismiss and remove the warrant as ordered on October 28, 2011.  Plaintiff further alleges that the constitutional violation occurred when the Sheriff "failed to investigate the warrant and remove the warrant from being an active warrant for [Plaintiff's] arrest," "failed to promptly arrange for [Plaintiff's release] after being arrested on the warrant,"

8

and "allowed [Plaintiff] to remain incarcerated on the warrant which had been dismissed." (Compl., Dkt. [1] ¶¶ 29-31.)  Defendants move to dismiss Plaintiff's claims on grounds that neither the County nor the individual Defendants in their official capacities can be held municipally liable for the alleged unconstitutional acts.

To the extent that Plaintiff asserts liability against the individual Defendants in their official capacities, these claims are tantamount to a claim against the County and are therefore governed by the analysis for municipal liability.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotation and citation omitted).  Accordingly, the Court now considers the standard for county liability under Section 1983.

> Under 42 U.S.C. § 1983,
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

9

> injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"In order to prevail in a civil rights action under Section 1983, 'a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.'" Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990)). Local government units such as counties constitute "persons" subject to suit under Section 1983. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). At the same time, however, the Supreme Court "has placed strict limitations on municipal liability under [Section] 1983." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003).

In Monell, the Supreme Court held that "a municipality cannot be held liable under [Section] 1983 on a respondeat superior theory." 436 U.S. at 691. On the contrary, the Court held that local governing bodies, such as counties, can be sued under Section 1983 only where "the action that is alleged to be

10

unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690.  In other words, to hold a county liable under Section 1983, a plaintiff must show that a county employee or policymaker committed the constitutional violation, and did so pursuant to an official county policy or custom.  Id. at 694; Grech, 335 F.3d at 1329.  This requirement of a policy or custom "is intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action *for which the municipality is actually responsible*."  Grech, 335 F.3d at 1329 n.5 (emphasis in original) (citing cases).

In accordance with the foregoing, Hall County can be liable under Section 1983 for the alleged unconstitutional acts only if the actors, first, acted on behalf of the county, and second, acted pursuant to an official policy or custom of the county.  Defendants contend that Plaintiff has failed to sufficiently allege the existence of an official government policy or custom that would render the County liable.  The Court agrees.

Plaintiff's Complaint is devoid of factual allegations that would put Defendants on notice of the basis of his claims against the municipality.

11

Rather, Plaintiff simply alleges that "[t]he Defendants were acting as policy makers and therefore as a county entity Hall County violated the constitutional and Federal Rights of Thrasher." (Compl., Dkt. [1] ¶ 25.) Plaintiff does not identify which Defendants were acting as policy makers. Nor does Plaintiff identify the policy or custom that allegedly deprived him of his rights. Plaintiff has failed to provide sufficient factual allegations to satisfy the pleading standards articulated in Twombly and Iqbal, and has therefore failed to state a claim upon which relief may be granted under Section 1983. Those claims against Hall County and Sheriff Cronic, Sheriff Couch, and Clerk of Court Baker in their official capacities must be **DISMISSED**.

    C.    <u>State law claims against Defendant Hall County and the individual Defendants in their official capacities</u>

The Court now turns to Plaintiff's remaining state law claims against Hall County and Sheriff Cronic, Sheriff Couch, and Clerk of Court Baker in their official capacities . Defendants move to dismiss these claims on grounds of sovereign immunity under the Georgia Constitution.

Under the Constitution of the State of Georgia, "sovereign immunity extends to the state and all of its departments and agencies," and "can only be

12

waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of the waiver." GA. CONST. art. I, § 2, ¶ 9(e). The Georgia Supreme Court has held that "departments and agencies" of the State include counties, which are thus entitled to sovereign immunity from suit in accordance with this constitutional provision. Gilbert v. Richardson, 452 S.E.2d 476, 479 (Ga. 1994). "Sovereign immunity is not an affirmative defense . . . that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." Forsyth Cnty. v. Greer, et al., 439 S.E.2d 679, 681 (Ga. Ct. App. 1993).

      The Court concludes that Plaintiff's state law claims against Hall County and the individual Defendants in their official capacities are barred by the doctrine of sovereign immunity, as Plaintiff makes no allegation in the Complaint that Hall County's immunity has been waived for purposes of this suit. In his response to Defendants' Motion to Dismiss, however, Plaintiff argues that Hall County's sovereign immunity "may have been waived to the extent of available liability insurance." (Pl.'s Resp. to Defs.' Mot. to Dismiss

13

Pl.'s Compl., Dkt. [9] at 16.)  Plaintiff contends that this waiver "would be discovered" if Plaintiff were allowed to proceed to discovery.  (Id.)  Regardless, the Court finds that the immunity determination is proper at the motion to dismiss stage.  First, "[u]nder Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue."  McCobb v. Clayton Cnty., 710 S.E.2d 207, 209 (Ga. Ct. App. 2011). Second, Plaintiff's pleadings fail to allege the existence of liability insurance. Finally, even if liability insurance were present in this case, the Georgia constitution was amended in 1991 to delete its "insurance waiver" clause, McElmurray et al. v. Augusta-Richmond Cnty., 618 S.E.2d 59, 64 (Ga. Ct. App. 2005), and the only other provision concerning waiver of sovereign immunity and liability insurance of which the Court is aware is O.C.G.A. § 33-24-51, which has no relevance in this case.  See O.C.G.A. § 33-24-51 (waiving sovereign immunity of a county from claims arising out of the negligent use of a motor vehicle).  Having failed to allege any other basis on which the Court could find waiver, the Court concludes that Defendants are entitled to sovereign

14

immunity from Plaintiff's state law claims and that those claims are due to be **DISMISSED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint [6] is **GRANTED**.  The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this   23rd   day of February, 2015.


_____
**RICHARD W. STORY**
United States District Judge